Dear Mr. Vedros:
We are in receipt of your recent correspondence and we requote below the following issues as presented in your letter:
The Town of Lockport Police Department is a Lawrason Act municipality with an elected Chief of Police under the Lawrason Act and the day to day operations of the police department rest within the elected Chief. Can the son-in-law of an elected city councilman be hired as a full-time law enforcement officer for the Town of Lockport Police Department while his father-in-law serves on the city council?
As an elected Chief of Police can I also hold a position of a paid part-time recreation director for the Lafourche Parish Governmental Recreation Department, responsible for supervising of daily summer recreational softball and basketball activities for children within the recreation district? The Town of Lockport has no control over the Recreation District. I have presently been serving in that position for three years prior to being elected Chief of Police. All spending of funds is controlled by Lafourche Parish Government.
Your first question raises ethical concerns under the Code of Governmental Ethics, R.S. 42:1101, et seq. Ethical concerns regarding public employees are within the jurisdiction of the Louisiana Board of Ethics, 2415 Quail Drive, Baton Rouge, Louisiana, 70808, phone number 225-763-8777. This office has forwarded your request to the Board of Ethics.
Your second question prompts review of R.S. 42:63(D) of Louisiana's Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. R.S.42:63(D) provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
An elected official of a town (such as chief of police) is prohibited from holding employment in the same political subdivision in which he holds elected office. However, your employment as part-time recreation director for the parish falls within a separate political subdivision; thus, the prohibition is inapplicable. The parish and the municipality are separate political subdivisions for purposes of dual-officeholding. See R.S. 42:62(9).[1]
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:62(9) states:
(9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part., mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.